People v Farance (2020 NY Slip Op 03103)





People v Farance


2020 NY Slip Op 03103


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2019-02560
2019-02826
 (Docket No. F-4307-13/17G)
[*1]In the Matter of Marguerite Camaiore, respondent,
v
v
Frank Farance, appellant.
 
 
Salvatore C. Adamo, New York, NY, for appellant.
Marguerite Camaiore, Astoria, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated September 10, 2018, and (2) a modified order of commitment of the same court (Dean T. Kusakabe, J.), dated February 14, 2019. The order dated September 10, 2018, denied the father's objections to amended findings of fact of the same court (Solange N. Grey-Humphreys, S.M.) dated July 18, 2018, and, in effect, confirmed so much of an order of disposition of the same court (Solange N. Grey-Humphreys, S.M.) dated April 23, 2018, made after a hearing, as determined that the father willfully violated a prior order of child support. The modified order of commitment dated February 14, 2019, upon confirmation of the determination that the father willfully violated a prior order of child support, committed the father to the custody of the New York City Department of Correction for a period of six months unless he paid the purge amount of $7,500.
ORDERED that the order dated September 10, 2018, is affirmed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the modified order of commitment as committed the father to the custody of the New York City Department of Correction for a period of six months is dismissed, without costs or disbursements, as the period of incarceration has expired (see Matter of Konig v Fabrizio, 176 AD3d 1066); and it is further,
ORDERED that the modified order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother, the custodial parent of the parties' two children, commenced this proceeding alleging that the father was in willful violation of an order of child support dated August 4, 2016, obligating him to pay the sum of $924 per month for the support of the parties' two children. On April 23, 2018, after a hearing, the Support Magistrate issued findings of fact and an order of disposition, finding that the father was in willful violation of the prior order of child support. The father then filed objections and by order dated June 22, 2018, the Family Court confirmed the willfulness finding but remitted the matter to the Support Magistrate for certain issues, permitting [*2]the father to file further objections once again after said remittal. On July 18, 2018, the Support Magistrate issued amended findings of fact. The father filed objections again and by order dated September 10, 2018, the Family Court denied his objections. In a modified order of commitment dated February 14, 2019, the father was committed to the custody of the New York City Department of Correction for a period of six months unless he paid the purge amount of $7,500. The father appeals.
We agree with the Family Court's confirmation of the Support Magistrate's finding that the father did not satisfy his burden of showing an inability to pay that would defeat the mother's prima facie case of willful violation (see Matter of Martin v Claesgens, 165 AD3d 1392; Matter of Schad v Schad, 158 AD3d 705).
The father's remaining contentions are without merit.
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court